148-08/LJK
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
BALLI KLOCKNER ASIA LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BALLI KLOCKNER ASIA LTD.,

                          Plaintiff,

    - against –

ARK SHIPPING LTD.,

                          Defendant.
-------------------------------------------------------------------x

08 CIV _____ ( )

**VERIFIED COMPLAINT**

Plaintiff BALLI KLOCKNER ASIA LTD. (hereinafter "BALLI"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant ARK SHIPPING LTD. (hereinafter, "ARK") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the recognition and enforcement of a foreign maritime judgment. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, BALLI was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room 2002, Beverley House, 93-107 Lockhart Road, Wan Chai, Hong Kong.

3. At all times relevant hereto, Defendant ARK was and still is a foreign business entity existing under the laws of a foreign country with an office and place of business at 8th Floor, Hanyoung B/D, 57-9 Seosomun-dong, Chung-gu, Seoul, Korea.

4. BALLI purchased a cargo of steel products on a C&F basis from Thai suppliers and entered into three contracts for the sale of the steel to three Chinese buyers in December, 2002. The cargo under these contracts was carried by the vessel M/V HANDY HUMANITY and Defendant issued three bills of lading for the carriage of the subject shipment of steel aboard that vessel.

5. Defendant back-dated the bills of lading to show a shipment date of 31 March 2003 even though completion of cargo loading did not occur until 3 April 2003. When the backdating was discovered by the Chinese buyers, payment for the steel was frozen by the Maritime Courts in China. The Thai sellers of the steel cargo, though, had already drawn down on the letters of credit issued by BALLI. As a result, BALLI could not recover the purchase price of the cargo from the Chinese buyers and had to sell the cargo to other buyers at a lower price.

6. BALLI suffered a considerable loss due to the back-dating of the bills of lading and BALLI filed a claim against ARK in the Guangzhou Maritime Court in China.

7. The Guangzhou Maritime Court of first instance heard the case and held that ARK was to pay BALLI US$191,882.09 together with HKD6,500 plus interest.

8. This decision was appealed to the Higher People's Court of Guangdong Province. This appellate court, dated 27 November 2007 but actually delivered 31 January 2008 issued a judgment holding as follows:

      a. ARK was to pay BALLI US$189,064.78 plus HKD6,500 plus interest (calculated at the RMB equivalent for both USD and HKD according to the stated foreign exchange rate on 5 June 2003 and at the rate of RMB's interest rates according to the bank loan rate published by People's Bank of China through the deadline of the payment – 1 February 2008);

      b. ARK was to pay BALLI court fees for the first instance court's trial of RMB 12,349.29;

      c. If ARK failed to pay the foregoing amounts on or before 1 February 2008, then interest charges will be double for the period of the delay.

9. The case under Chinese law is considered a maritime tort dispute and the judgment entered in China is considered a maritime judgment under Chinese law.

10. ARK was represented in the case in China by legal counsel at all proceedings and participated in the proceedings against it. All the proceedings and the final judgment were served on ARK as required by Chinese law.

11. Although duly demanded, ARK has made no payment against the judgment. The period for which double interest is due under the appellate court's judgment commenced on 1 February 2008.

12. There is no legitimate basis at all for ARK to refuse to pay the judgment. ARK's refusal or other failure to pay the judgment is willful and in bad faith.

13. The judgment should be recognized and enforced as a judgment of this Court under principles of comity and in conformity with Article 53 of the New York CPLR. This Court should also award BALLI its costs and attorneys fees incurred here in attempting to collect on the judgment by reason of ARK's bad faith refusal to pay.

14. In all, the claim for which BALLI sues in this action, as near as presently may be estimated, is calculated as follows:

   a. Main US dollar Claim award by Chinese Court: $189,064.78

   b. Main HK dollar Claim award by Chinese Court: HKD6,500 = $844.36

   c. Court Costs award by Chinese Court: RMB12,349.29 = $1,763.55

   d. Interest due through 1 Feb 2008 as awarded by Chinese Court: RMB455,535.11 = $65,053.21

   e. Double Interest due 1 Feb 2008 – 31 March 2008 as awarded by Chinese Court RMB 52,304.89 = $7,469.46

   f. Estimated interest on foregoing through collection: $89,633.52

   g. Estimated awardable costs of this collection action: $12,100

   h. Estimated awardable attorneys fees: $10,000

For a total claim in this action of **$375,928.88**, no part of which has been paid by ARK, though duly demanded. BALLI specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum be insufficient to fully secure BALLI.

15. Upon information and belief, and after investigation, Defendant ARK cannot be "found" within this district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, from, or for the benefit of Defendant ARK (hereinafter, "ASSETS"), including but not limited to ASSETS at, being transferred through, or being

transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff BALLI prays:

a. That process in due form of law according to the practice of this Court issue against Defendant ARK, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $353,828.88 plus interest, costs and attorneys fees;

b. That since Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant, up to and including the sum of **$375,928.88** be restrained and attached, including but not limited to any cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of, belonging to, due to, from, or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court recognize and enforce the Chinese Judgment in favor of BALLI and against ARK and also retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

    d.    For such other, further and different relief as this Court may deem just and proper in the premises, including but not limited to an award of attorneys fees incurred in this action as a result of the bad faith refusal or failure to pay on the Chinese Court Judgment rendered against ARK.

Dated: New York, New York
       April 7, 2008

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                BALLI KLOCKNER ASIA LTD.

        By: _____
                Lawrence J. Kahn (LK 5215)
                80 Pine Street
                New York, NY 10005
                (212) 425-1900
                (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

LAWRENCE J. KAHN, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Lawrence J. Kahn

Sworn to before me this
7th day of April, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10